IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| VAGNER TAVARES DA FONSECA, DEISE LOPES DA FONSECA, JULIANNA LOPES TAVARES DA FONSECA, NATHALIA LOPES TAVARES DA FONSECA, and V.F.,<br><br>             Plaintiffs,<br><br>  v.<br><br>ALLISA EMMEL, Chief, Immigrant Investor Program Office, U.S. Citizenship and Immigration Services, in her official capacity, as well as her successors and assigns; ALEJANDRO MAYORKAS, Secretary, U.S. Department of Homeland Security, in his official capacity as well as his successors and assigns; MERRICK GARLAND, Attorney General of the United States, in his official capacity as well as his successors and assigns, and UR MENDOZA JADDOU, Director, U.S. Department of Homeland Security, U.S. Citizenship and Immigration Services, in her official capacity, as well as her successors and assigns,<br><br>             Defendants. | Case No. 23 C 4405<br><br>Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Vagner Tavares da Fonseca, his wife Deise Lopes da Fonseca, and their children Juliana, Nathalia, and V.F. Lopes Da Fonseca have brought an amended complaint against defendants Allisa Emmel, in her official capacity as Chief, Immigrant Investor Program Office, U.S. Citizenship and Immigration Services, Alejandra Mayorkas in his official capacity as Secretary, U.S. Department of Homeland Security, Merrick Garland in his official capacity as Attorney General, and UR Mendoza Jaddou, in her official capacity as Director, U.S. Department of Homeland Security, alleging that defendants have unreasonably delayed action on

the adjudication of plaintiffs' I-525 Immigration Petition filed by Alien Entrepreneur (the "I-525 petition"). Defendants have moved under Fed. R. Vi. P. 12(b)(3) to dismiss the complaint for improper venue, or in the alternative to transfer venue to The United States District Court for the District of Columbia under 28 U.S.C. § 1406(a) or § 1404(a). For the reasons discussed below, the court denies defendants' motion to dismiss, but grants the motion to transfer venue pursuant to 28 U.S.C. 1406(a).

## BACKGROUND

Plaintiffs are Brazilian nationals who applied for an EB-5 investor visa by filing an I-525 Immigration Petition by Alien Entrepreneur under the EB-5 immigrant investor program. They claim to have invested $500,000 of their own money in pursuit of U.S. permanent residency (green card) status. They filed their EB-5 I-525 petition with the U. S. Citizenship and Immigration Services ("USCIS") on November 20, 2019, and allege that the agency's average wait time to adjudicate such petitions is unreasonable and has gotten longer over time. Specifically, they claim that their wait time violates the Administrative Procedure Act, is arbitrary and capricious, and violates the Mandamus Act.

The Immigration and Nationality Act ("INA") established the EB-5 immigrant investor visa program in 1990 to provide visas to foreign nationals who have invested, or are actively in the process of investing, a requisite amount of capital in a new commercial enterprise that will benefit the U.S. economy and create full-time employment for at least ten U.S. workers. 8 U.S.C. § 1153(b)(5)(A). "An I-525 petition is the mechanism by which individuals who are eligible to immigrate to the United States through the EB-5 category obtain recognition from the government that they have satisfied the investment and job-creation requirements of that visa-

2

preference category." Mokkapati v. Mayorkas, 2022 WL 2817840 at *1 (D.D.C. July 19, 2022). To qualify for an EB-5 visa, the immigrant must "first file an I-525 petition with USCIS and create full-time employment for not fewer than 10 United States citizens or aliens lawfully admitted for permanent residency or other immigrants lawfully authorized to be employed in the United States (other than the immigrant and immigrant's spouse, sons, or daughters)." Id. (quoting 8 U.S.C. § 1153(b)(5)(A)(ii)).

The Immigrant Investor Program Office ("IPO") is the component of USCIS that is responsible for adjudicating I-525 petitions. Defendant Emmel, Chief of the IPO, has submitted an affidavit declaring that the IPO is located in Washington, D.C. and "[a]ll evaluation and decisions regarding Form I-525 petitions are made in Washington, D.C." See Sadasivan v. Emmel, 2023 WL 4187445 at *2 (E.D. Cal. June 26, 2023). "All adjudicative actions on Form I-525 petitions, such as Approvals, Denials, Requests for Evidence, and Notices of Intent to Deny, are issued in Washington, D.C.," and the IPO employees responsible for managing the EB-5 program and Form I-525 petitions are based in Washington D.C. Id. The Form I-525 inventory management system is administered by IPO in Washington, D.C. and the Form I-525 petition inventory is pending with IPO in Washington, D.C. Id.

## DISCUSSION

Under Fed. R. Civ. P. 12(b)(3) a complaint may be dismissed for improper venue. "Once a defendant challenges the plaintiff's choice of venue, the plaintiff bears the burden of establishing that it filed its case in the proper district." Brne v. Inspired eLearning, 2017 WL 4263995, at *2 (N.D. Ill. Sept. 26 (2017). In deciding a motion to dismiss for improper venue the court assumes the truth of the allegations in the complaint unless contradicted by the

defendant's affidavits. Deb v. SIRVA, Inc., 832 F.3d 800, 809 (7th Cir. 2016). The court is not limited to the consideration of the pleadings, but may consider evidence outside the pleading submitted by the parties. Faulkenberg v. CB Tax Franchise Sys., LP, 637 F.3d 801, 809-10 (7th Cir. 2011). As noted above, defendants have presented the affidavit of Chief Emmel, establishing that the IOP is located in Washington, D.C. and that all adjudication activity is based there. Plaintiffs have not filed a counter-affidavit.

Venue in actions where the defendant is an officer or employee of the United States is governed by 28 U.S.C. § 1391(e), which provides for venue "in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action." In the instant case, there is no dispute that neither plaintiffs nor defendants reside in the instant judicial district. Plaintiff argues that venue is proper because their EB-5 investment is invested in a restaurant operated by/as Teriyaki Madness 108 LLC, located in Niles, Illinois.[1]

The court disagrees with plaintiffs' position. The fact that the business in which they have invested may be located here does not establish that a substantial part of the events or omissions giving rise to the claim occurred here. The events, or more appropriately omissions of which plaintiffs complain, is the lack of adjudication of their Form I-525 petition. Those events or omissions either occurred or have not occurred in Washington, D.C., not in the instant district. It is the activities of defendants on which the court focuses when determining venue.

---

1 Defendant has submitted evidence that the company plaintiffs invested in is actually based in Milwaukee, Wisconsin. Under the court's analysis above, this dispute is irrelevant.

Moran Industries, Inc. v. Higdon, 2008 WL 4874114, at *5 (N.D. Ill. June 26, 2008). Thus, numerous courts have held that the location of the investment for the EB-5 program is insufficient to establish venue. Sadasivan v. Emmel, 2023, 2023 WL 4187445 at * 8 (E.D. Cal. June 26, 2023); Kantharia v. USCIS, ___F. Supp. 3d___, 2023 WL 3444070, at *2 (C.D. Cal. May 12); Vigg v. Jaddou, 2022 WL 3581930, at *3 (N.D. Cal. Aug. 10, 2022); Batra v. USCIS, 2021 WL 4353112, at *3 (C.D. Cal. Aug. 2, 2021).

Perhaps recognizing that the location of their investment is insufficient to establish venue, plaintiffs argue that some of the IPO adjudicators may be working remotely and, therefore, it is not clear where the agency action is actually occurring. Because they have no evidence of this, they ask the court to hold off ruling on a motion to transfer until they get a response to a Freedom of Information request they have made. But, even if some of the adjudicators are working remotely, their decisions or actions are based out of the District of Columbia, and even if not, venue is still improper in the instant district. Consequently, the court concludes that venue in the instant district is improper. Rather than dismiss the action, the court transfers the case to the District of Columbia under 28 U.S.C. § 1406(a).

## CONCLUSION

For the reasons described above, the court denies defendants' motion to dismiss, and grants defendant's alternate motion to transfer venue [6]. This case is transferred to the United States District Court for the District of Columbia forthwith.

      ENTER:

      _____
      **Robert W. Gettleman**
      **United States District Judge**

**DATE: November 2, 2023**